IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIO CARREON,

        Plaintiff,

vs.                                                                                                                 Civ. No. 04-786 RHS/WDS

CITY OF GRANTS,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment ("Motion") [docket no. 17]. The Court, having considered said Motion, determined that Plaintiff has not filed or served a response in opposition to the Motion within the time prescribed, and being otherwise advised in the premises, finds that the Motion is well taken and will be granted.

On April 7, 2005, Defendant filed its motion for summary judgment on all of Plaintiff's claims in this case.[1] Because Defendant served the Motion by mail, Plaintiff's response was due no later than April 25, 2005.[2] However, as of this date, Plaintiff has neither responded to the Motion nor requested an extension of time in which to respond. As a result of Plaintiff's failure to file a response within the time specified by the local rule, he has waived the right to file a response

---

[1] Defendant stated that it did not seek Plaintiff's concurrence prior to filing its motion for summary judgment. (Motion at 2 ¶3.) However, the local rules of this Court require a movant to "determine whether a motion is opposed." D.N.M.LR-Civ. 7.1(a). Moreover, where any party appears *pro se*, a movant "must recite that concurrence was refused or explain why concurrence could not be obtained." D.N.M.LR-Civ. 7.4(a). In this instance, the Court will not exercise its right to summarily dismiss Defendant's Motion as provided for under LR-Civ. 7.4(a). However, Defendant is cautioned to abide by the local rules in the future.

[2] Defendant erroneously contended that Plaintiff's response was due by April 21, 2005. (See Notice of Completion of Briefing, filed April 25, 2005 **[Doc. 19]**.)

and confessed all facts asserted and properly supported in the summary judgment motion. See Murray v. City of Tahlequah, 312 F.3d 1196, 1199-1200 (10th Cir. 2002); see also D.N.M.LR-Civ. 7.1(b) (noting that "the failure of a party to file and serve a response in opposition to a motion . . . constitutes consent to grant the motion"); D.N.M.LR-Civ. 56.1(b) (providing that "[a]ll material facts set forth [by] . . . the movant will be deemed admitted unless specifically controverted"). However, Plaintiff's waiver does not relieve this Court of its duty to make the specific determinations required by FED. R. CIV. P. 56(c). Id.; see also Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002). Accordingly, the Court will determine whether Defendant has met its "initial responsibility" of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law.

*Factual Summary*

The material facts of this case, as supported by the affidavits, deposition testimony, and other evidence on file, are as follows. Plaintiff is the owner of commercial property located at 212 East Santa Fe Avenue, Grants, New Mexico ("Property"). The City of Grants is a New Mexico municipality. Plaintiff sought to build a fence on his Property that would not, under City ordinance, require a permit.[3] On or about January 25, 1999, the City Code Enforcement Officer ("Code Officer"), Andrew Baughman, told Plaintiff that his proposed fence would not meet certain requirements and that he would have to submit a permit application to the City's Planning and Zoning Commission ("Commission"). Plaintiff was entitled to appeal Mr. Baughman's action or decision to the City Council, but did not do so. On March 16, 1999, Plaintiff submitted a permit application. On March 23, 1999, the Commission held a hearing at which Plaintiff appeared;

---

[3]Although this fact is disputed by Defendant, it is set forth as undisputed for purposes of the Motion. (Memorandum Brief in Support of Motion at 2 ¶3.)

Plaintiff's application was tabled for review by the Fire Department and City Attorney. The Fire Department expressed concern that Plaintiff's fence could limit access by the fire department. Plaintiff agreed that fire department access was a legitimate concern. Plaintiff's application was addressed at another Commission meeting on July 27, 1999; a decision was deferred pending City Attorney review of easement issues. Plaintiff received adequate notice and opportunity to be heard at both meetings.

In early 2000, Plaintiff began to build a fence, consisting of low posts with linked chains or cables, which did not require a permit. Plaintiff stored a tool trailer on his parking lot. Plaintiff had placed a lock on the hitch, but the trailer was not chained to a building or to the ground. Plaintiff knew it was possible for someone to cut the lock and take the trailer. On August 21, 2002, Plaintiff's tool trailer was stolen after someone cut the lock off the hitch. Plaintiff completed building his fence sometime after August 21, 2002. The fence has an opening in the front through which someone could enter onto Plaintiff's property. At some point, Plaintiff was informed that he did not need a permit to complete the fence he was building. Plaintiff is not aware of any city policy or custom that discriminates against Mexican nationals in connection with building fences or zoning matters.

*Discussion*

Procedural Due Process

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendant City of Grants violated his right to procedural due process when it "halt[ed] construction of [Plaintiff's] fence," "forced [him to] . . . submit to the City's zoning commission" and "indefinitely delayed [his] application." (Complaint at 3, ¶¶22, 23, attached to Notice of Removal.) "The essence of procedural due process is that the parties be given notice and opportunity for a hearing." Jones v.

3

Nuclear Pharmacy, Inc., 741 F.2d 322, 325 (10th Cir. 1984) (citing Twining v. New Jersey, 211 U.S. 78, 110-11 (1908)).

In this instance, Plaintiff's application for a permit to build a fence was considered at two separate meetings of the Commission. Plaintiff received notice and opportunity to be heard with respect to both of these meetings. Plaintiff presents no evidence to the contrary. In addition, Plaintiff was entitled to appeal the Code Officer's actions to the City Council, but did not do so, and thus, failed to make use of an available post-deprivation remedy. See, e.g., Anderson v. Collins, 191 F.3d 451, 1999 WL 775925, at *5 (6th Cir. Sept. 24, 1999) (unpublished table disposition) (J. Nelson, concurring) (citing Parratt v. Taylor, 451 U.S. 527, 543 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984)) (noting that a negligent or intentional deprivation of property is not actionable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy).

Plaintiff does not provide any evidence of improper motive on behalf of the Code Officer, the Commission or Defendant. See, e.g., Chiplin v. City of Lebanon, 712 F.2d 1524, 1527 (1st Cir. 1983) (noting that "[p]roperty is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons"). Finally, Plaintiff eventually completed building his proposed fence and was informed that he needed no permit to do so. Under the evidence presented, Defendant is entitled to summary judgment on Plaintiff's procedural due process claim.

Substantive Due Process

Plaintiff also claims that the City's "arbitrary and capricious" actions and "oppress[ion] and intimidat[ion] [of him] as a Mexican" violated his right to substantive due process. (Complaint at 4, ¶¶25, 28.) Defendant concedes, for purposes of the Motion, that Plaintiff did not need a permit

for the fence he proposed to build.  Because the City apparently had no discretion to prohibit Plaintiff from building his proposed fence, the Court assumes that Plaintiff possessed a legitimate property interest in building the fence.  See Norton v. Corrales, 103 F.3d 928, 931-32 (10th Cir. 1996) (quoting RRI Realty Corp. v. Incorporated Village of Southampton, 870 F.2d 911, 918 (2d Cir. 1989)) (explaining that in determining whether an applicant has a property interest, "the entitlement analysis focuses on the degree of official discretion").  However, even assuming the existence of a valid property interest, "[a]bsent invidious discrimination, the presence of a suspect class, or infringement of a fundamental interest, courts have limited their review of quasi-legislative or quasi-judicial zoning decisions in the face of a substantive due process challenge to determining whether the decision was arbitrary and capricious."  Id. at 932 (quoting Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1119 (10th Cir. 1991)).  The Tenth Circuit explained "that 'arbitrary and capricious' in this context does not mean simply erroneous."  Id.

     Defendant points to evidence that the actions of the Code Officer and the Commission with respect to Plaintiff's fence were reasonably related to legitimate concerns regarding fire department access and easement issues.  Plaintiff does not present any evidence to the contrary.[4]  Consequently, while the Code Officer erroneously directed Plaintiff to submit an application to the Commission for review, no evidence suggests that the actions of the Code Officer or the Commission were based on anything other than legitimate concerns.  Moreover, Plaintiff eventually completed his fence and was informed that he did not require a permit to do so.  Under

---

[4] Indeed, Plaintiff conceded that he was not aware of any policy or practice of discrimination against Mexican nationals in zoning matters.  Nor did he disagree that fire department access is a valid concern.

these facts, Defendant is entitled to summary judgment on Plaintiff's substantive due process claim.

<u>Municipal Liability</u>

Finally, the City of Grants may not be held liable in a § 1983 claim, even assuming that a municipal employee violated Plaintiff's right to due process. "Municipal liability can be based only on policy or custom of the municipality and not on respondeat superior." <u>Norton</u>, 103 F.3d at 934. Moreover, Plaintiff must demonstrate that a municipal policy, custom or practice was the moving force behind the constitutional deprivation. <u>See</u> <u>Myers v. Oklahoma County Bd. of County Com'rs</u>, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978)). As previously noted, Plaintiff conceded that he knew of no city policy or practice of discriminating against Mexican nationals with respect to building fences or zoning matters. Indeed, Plaintiff has not identified any municipal policy, custom or practice that would lead to a violation of his right to due process. Defendant is entitled to summary judgment on this basis.

**WHEREFORE**,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [docket no. 17] is hereby GRANTED and the above captioned cause is hereby DISMISSED with prejudice.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE